**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEREMIAH JOHNSON,** | **)** | |
| **BOP Reg. # 16585-003,** | **)** | |
| **Movant,** | **)** | **CIVIL ACTION NO.** |
| | **)** | **1:18-00548-WS** |
| **v.** | **)** | |
| | **)** | **CRIMINAL ACTION NO.** |
| **UNITED STATES OF AMERICA,** | **)** | **1:16-00216-WS-N-2** |
| **Respondent.** | **)** | |

**REPORT AND RECOMMENDATION**

Jeremiah Johnson, proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 that he mailed on December 21, 2018 (Doc. 85[1]), challenging the judgment entered against him in the above-styled criminal action. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (1/2/2019 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon preliminary review of the § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned finds that it plainly appears from the motion, attached exhibits, and the record of

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

prior proceedings that Johnson is not entitled to relief, and therefore the motion is due to be dismissed.

## I. *Analysis*

### A. The § 2255 Motion

The indictment in the above-styled criminal action charged Johnson and a co-defendant with one count of carjacking in violation of 18 U.S.C. § 2119 (Count One), and one count of knowingly using, carrying and possessing a firearm during and in relation to a crime of violence – specifically, the carjacking charged in Count One – in violation of 18 U.S.C. § 924(c) (Count Two). (Doc. 1). Johnson pled guilty to both counts and was sentenced on June 27, 2017, to a total of 157 months in prison and a subsequent term of 5 years on supervised release. (*See* Doc. 68). Johnson took no direct appeal of that judgment.

Under § 924(c), "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," is guilty of a separate criminal offense. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), "the term 'crime of violence' means an offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is often referred to as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." *See United States v. Davis*, 139 S. Ct. 2319, 2324, 204 L. Ed. 2d 757 (2019) (noting that § 924(c) "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause"). The sole claim raised in Johnson's § 2255 motion was that his conviction under § 924(c) could no longer stand because carjacking in violation of § 2119 no longer qualified as a "crime of violence" under § 924(c), based on the reasoning of the United States Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018), 584 U.S. ——, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), which invalidated as unconstitutionally vague residual clauses for other criminal offenses that are similar to that found in § 924(c)(3)(B).

Since Johnson filed his § 2255 motion, the Supreme Court has held, in *United States v. Davis*, 139 S. Ct. 2319, that § 924(c)'s residual clause is indeed void for vagueness under the reasoning of *Johnson* and *Dimaya*. *Davis*, however, provides Johnson no relief, as the Eleventh Circuit Court of Appeals has held that carjacking in violation of § 2119, the predicate "crime of violence" for Johnson's § 924(c) conviction, qualifies as a crime of violence under § 924(c)'s elements clause. *See In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016); *Ovalles v. United States*, 905 F.3d 1300, 1303-04 (11th Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 2716 (2019); *Roman v. United States*, 789 F. App'x 211, (Mem)–212 (11th Cir. 2019) (per

curiam) (unpublished) ("Abuid Roman, Jr., a federal prisoner, appeals the District Court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence … The government has moved for summary affirmance and to stay the briefing schedule because, according to binding precedent in this Circuit, carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause, and therefore the government argues that Roman's sentence is valid. We agree … Because Roman's argument is foreclosed by binding precedent in this Circuit, *see In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (holding that carjacking is a crime of violence under § 924(c)(3)(A)'s elements clause); *Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018) (reaffirming that carjacking is a crime of violence under the elements clause), the government is clearly correct as a matter of law that Roman is not entitled to relief."). *Davis* did not undermine that binding precedent.

Because Johnson's § 924(c) conviction stands even without reference to that statute's residual clause, he is due no relief under § 2255 on the sole claim he raises. Therefore, Johnson's § 2255 motion (Doc. 85) is due to be **DISMISSED with prejudice**.

### B. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of

arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

In all cases, a "certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Johnson should be **DENIED** a Certificate of Appealability as to the present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to

proceed further.[2]

### C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

---

[2] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

Should the Court adopt this recommendation and deny a certificate of appealability, the movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

As binding circuit precedent clearly forecloses Johnson's sole claim for relief under § 2255, the undersigned **RECOMMENDS** the Court certify that any appeal by Johnson of the dismissal of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[3]

## II. *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Johnson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 85) be **DISMISSED with prejudice** as without merit. It is further **RECOMMENDED** that the Court find Johnson not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

**DONE** this the 1st day of May 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.